

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00400-CR

---

CHRISTOPHER DEESE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. DC-2024-CR-2488, Honorable Douglas H. Freitag, Presiding

---

August 26, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Following pleas of not guilty, Appellant, Christopher Deese, was found guilty by a jury of two counts of aggravated sexual assault of a child and one count of indecency with a child by sexual contact.[1] By his sole issue he challenges his conviction by arguing his Sixth Amendment Right to Confrontation under the United States Constitution was violated. We affirm as modified below.

---

[1] TEX. PENAL CODE ANN. §§ 22.021(a)(2)(B); 21.11(a)(1).

BACKGROUND

Appellant's children were removed from his custody in 2020 pursuant to a finding of neglect and unsafe living conditions. After the removal, his daughter made an outcry to a foster parent alleging Appellant sexually abused her. He was indicted the following year for two counts of aggravated sexual assault of a child and one count of indecency with a child by sexual contact. Before trial, the State made a motion to have the daughter—age ten at the time—testify by closed circuit television ("CCTV"). After conducting a hearing on the motion, the trial court granted the State's request, and Appellant's daughter testified against him at trial by CCTV. The jury convicted Appellant on all counts and sentenced him to seventy-five years' imprisonment.

## APPLICABLE LAW

"In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]" U.S. CONST. AMEND. VI. The right to confront witnesses face to face lies at "the core of the values furthered by the Confrontation Clause." *McCumber v. State*, 690 S.W.3d 686, 690 (Tex. Crim. App. 2024) (quoting *Coy v. Iowa*, 487 U.S. 1012, 1016–17 (1988)). But the right is not absolute and may give way to other important public-policy interests. *McCumber*, 690 S.W.3d at 690 (citing *Coy*, 487 U.S. at 1020–21).

Physical, face-to-face confrontation may be denied when (a) necessary to further an important public interest, and (b) the reliability of the testimony is otherwise assured. *McCumber*, 690 S.W.3d at 691 (citing *Maryland v. Craig*, 497 U.S. 836, 850 (1990)). The trial court must make a single finding before allowing remote testimony: that the

2

accommodation is necessary to further an important public-policy interest. *McCumber*, 690 S.W.3d at 691 (citing *Craig*, 497 U.S. at 850, 855).

## STANDARD OF REVIEW

We review de novo the importance of a public-policy interest used to justify interfering with the Confrontation Clause. *McCumber*, 690 S.W.3d at 691 (citations omitted). The need for remote testimony to further an important public-policy interest is a mixed question that requires an application of law to fact. *Id.* We afford almost total deference to the trial court's determinations of mixed questions supported by the record when the resolution of those questions turns on an evaluation of credibility or demeanor. *Id.* (quotations omitted).

We view the record evidence and all reasonable inferences in the light most favorable to the trial court's ruling and will uphold the ruling if it is reasonably supported by the record and correct under any theory of law applicable to the case. *Id.* at 691–92. This is so even if the trial court gave the wrong reason for its decision or no reason at all. *Id.* at 692. In our review, we assume the trial court credited or discredited witness testimony in whatever way supports its decision. *Id.* Thus, we will uphold the trial court's decision here if the record supports a finding of necessity to further any important, public-policy interest. *Id.*

## ANALYSIS

Appellant argues the trial court violated his Sixth Amendment right to confront witnesses by permitting the victim to testify by CCTV. His sole complaint is the State did not provide evidence his daughter would be traumatized by being in open court while

3

giving her testimony. He does not complain about the procedure employed, that his counsel did not get a fair opportunity to cross-examine the witness, or the testimony given was otherwise unreliable. This leaves us to consider only whether the public-policy interest in protecting child-victims from additional trauma was supported by the evidence in the record. *Id.*

At the time of trial, Appellant's parental rights were terminated, and his daughter—the victim—had been adopted by her foster parents. She had been living with her adoptive parents for nearly two years by the time of trial. The adoptive mother—the only witness presented by the State in support of its motion for CCTV testimony—testified to the following:

- her daughter was actively seeing therapists and counselors to deal with the trauma she had suffered from Appellant's abuse;

- her daughter became very emotional and inconsolable after a Zoom meeting with the prosecuting attorney in preparation for trial;

- the child was prone to outbursts, and her prior foster parents had written a lengthy email to her adoptive mother warning of the severity of her outbursts;

- the outbursts, although initially lasting hours, still lasted an hour before the child would be calm again; and

- the child was ten years old and, because they had moved to a new city, they were in the process of finding a new therapist but did not have one at that moment.

The trial court, as the factfinder, could have reasonably concluded from the above evidence Appellant's daughter would be traumatized by being in the same room as her biological father—the very same person accused of sexually abusing her. The trauma would be compounded by the fact she had not seen Appellant for four years since her

4

removal by CPS. The child's outbursts, lasting for hours, indicates real trauma which she was still coping with. Employing the CCTV procedure was necessary to further the public-interest policy of minimizing the additional trauma inflicted upon the child abuse victim while serving the necessities of justice.

Other than the fact his victim was not in the same room at the time of her testimony, Appellant does not complain he did not have any impediment to conducting his defense at trial. In other words, he received a fair trial. Therefore, the record supports the public-policy interest of employing CCTV testimony to prevent further emotional and psychological harm to a child abuse victim.

We do not find the trial court violated Appellant's Sixth Amendment right to confrontation by permitting the use of CCTV testimony. Appellant's first issue is overruled.

### REFORMATION OF JUDGMENT

In reviewing the record, it has come to the attention of this Court that the trial court's judgment reflects a clerical error. The summary portion of the judgment for Count No. 3—indecency with a child—under "Statute for Offense" reflects Appellant was convicted under "§ 22.11(a)(1)" of the Texas Penal Code. However, the correct section is 21.11(a)(1).

Appellate courts have the power to reform, *sua sponte*, whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Thus, we modify the trial court's judgment in trial

5

court cause number DC-2024-CR-2488, Count No. 3 to reflect the "Statute for Offense" as "§ 21.11(a)(1)" in the summary portion of the judgment.

## CONCLUSION

We affirm the trial court's judgment in cause number DC-2024-CR-2488, count numbers one and two, convicting Appellant of the offense of aggravated sexual assault of a child. And we affirm, as modified, the trial court's judgment in cause number DC-2024-CR-2488, count number three, convicting Appellant of the offense of indecency with a child by sexual contact.

Alex Yarbrough<br>
Justice

Do not publish.